


**United States Department of Agriculture**

**Food and Nutrition Service**

Supplemental Nutrition Assistance Program

Retailer and Issuance Policy and Innovation Division

Administrative Review Branch

1320 Braddock Place, Room 5042
Alexandria, VA 22314

Telephone:
(571) 317-9268

Fax:
(844) 500-0389

Email:
Kim.Dameron@usda.gov

April 21, 2022

Muhammad Ahsan and
Nasir Hameed, Store Owners
Belfast Variety
P.O. Box 289
Athens, ME 04912-0289

Re:  Case Number C0250421

Dear Store Owners:

Enclosed is the Final Agency Decision of the U.S. Department of Agriculture (USDA), Food and Nutrition Service (FNS), in response to your October 24, 2021, request for administrative review. The Final Agency Decision includes a statement regarding your rights to a judicial review.

The USDA, FNS finds there is sufficient evidence to support the determination by FNS' Retailer Operations Division to withdraw the authorization of Belfast Variety to participate as a retail food store in the Supplemental Nutrition Assistance Program (SNAP). This Final Agency Decision shall take effect 30 days after receipt of this letter. The store may not reapply for SNAP authorization for a period of 6 months after the effective date of the withdrawal.

Sincerely,

*Kim Dameron*

Kim Dameron
Administrative Review Officer

Enclosure:  Final Agency Decision

U.S. Department of Agriculture
Food and Nutrition Service
Administrative Review Branch

Belfast Variety,

Appellant,

v.

Retailer Operations Division,

Respondent.

Case Number: C0250421

## FINAL AGENCY DECISION

The U.S. Department of Agriculture (USDA), Food and Nutrition Service (FNS), finds that there is sufficient evidence to support the determination by FNS' Retailer Operations Division (Retailer Operations) to withdraw the authorization of Belfast Variety (hereinafter Appellant) to participate as a retail food store in the Supplemental Nutrition Assistance Program (SNAP). Appellant may not reapply for SNAP authorization for a period of 6 months after the effective date of the withdrawal.

## ISSUE

The issue accepted for review is whether Retailer Operations took appropriate action, consistent with Title 7 Code of Federal Regulations (CFR) Part 278, when it withdrew the authorization of Appellant to participate as a SNAP retail food store.

## AUTHORITY

7 U.S.C. § 2023 and implementing regulations at 7 CFR § 279.1, provide that a food retailer aggrieved by administrative action under § 278.1, § 278.6 or § 278.7, may file a written request for review of the administrative action with FNS.

## CASE CHRONOLOGY

The record shows that Appellant's owners applied for SNAP authorization on June 7, 2021. Appellant was authorized on July 8, 2021, without a store visit. An attempt to conduct a store visit was made on July 31, 2021; however, the visit was refused by Appellant's manager-on-duty. As a result, Retailer Operations sent Appellant a Proof of Inventory Letter, dated September 21, 2021, requesting it provide any invoices/receipts to verify that it carries at least three stocking units of three different varieties of foods in the four staple food categories: 1) Bread or Cereals, 2) Dairy Products, 3) Fruits or Vegetables, and 4) Meat, Poultry, or Fish.

1

The letter stated that the invoices/receipts must be dated 30 calendar days prior to the date of this letter and may not be dated after the date of this letter. The record reflects that Appellant responded to Retailer Operations' request, and submitted 163 invoices/receipts as proof of inventory on October 19, 2021.

The case record shows that Retailer Operations analyzed the invoices/receipts received, and found that only 3 of the 163 receipts submitted, were within the required 30-day date range. In a letter dated October 20, 2021, Retailer Operations informed Appellant that its authorization to participate as a SNAP retail food store would be withdrawn due to failure to meet minimum SNAP eligibility requirements. This withdrawal decision was based on inventory documentation provided by Appellant, as well as information provided on its SNAP authorization application.

The letter states that Appellant failed to meet the inventory requirements under Criterion A because it does not carry three stocking units in at least three varieties of foods in the meat, poultry or fish; vegetables or fruits; and dairy products staple food categories. Appellant does not meet the perishable foods requirement in at least one additional staple food category. Appellant only meets the requirement in the bread or cereals staple food category.

The letter also states that Appellant fails to meet Criterion B because its staple food sales comprise 50% or less of its annual gross retail sales. The owners self-reported their staple food sales at 8% on their SNAP application.

Since Appellant did not meet eligibility Criterion A or Criterion B under 7 CFR § 278.1(b)(1), Appellant was informed that it could not re-apply for SNAP participation for a minimum period of 6 months from the effective date of this withdrawal, as provided in 7 CFR § 278.1(k)(2). The letter also states that Retailer Operations considered Appellant's eligibility under the Need for Access Provision at 7 CFR § 278.1(b)(6); however, it did not qualify.

On October 24, 2022, one of Appellant's owners appealed Retailer Operations' determination and requested an administrative review of this action. The appeal request was granted by letter dated November 23, 2021, and implementation of the withdrawal has been held in abeyance pending completion of this review. On December 10, 2021, the responding owner provided 172 invoices for review in support of the case.

## STANDARD OF REVIEW

In an appeal of an adverse action, such as the withdrawal of a firm's SNAP authorization, Appellant bears the burden of proving by a preponderance of evidence, that the administrative action should be reversed. This means Appellant has the burden of providing relevant evidence which a reasonable mind, considering the record as a whole, would accept as sufficient to support a conclusion that the matter asserted is more likely to be true than not true.

## CONTROLLING LAW AND REGULATIONS

The controlling law in this matter is contained in Section 14(a)(5) of the Food and Nutrition Act of 2008, as amended (7 U.S.C. § 2018) and in 7 CFR § 278.  7 U.S.C. § 2018, 7 CFR § 271.2,

§ 278.1(b)(1), § 278.1(k)(2) and § 278.1(l)(1) establish the authority upon which a retail food store or wholesale food concern may be withdrawn from SNAP participation.

7 CFR § 271.2(1) definitions, in part:

> *Retail food store*: An establishment that sells food for home preparation and consumption normally displayed in a public area, and either offers for sale, qualifying staple food items on a continuous basis, evidenced by having no fewer than [three]* different varieties of food items in each of the four staple food categories with a minimum depth of stock of three stocking units for each qualifying staple variety, including at least one variety of perishable foods in at least [two]* such categories, (Criterion A) as set forth in § 278.1(b)(1) of this chapter, or has more than 50% of its total gross retail sales in staple foods (Criterion B) as set forth in § 278.1(b)(1) of this chapter as determined by visual inspection, marketing structure, business licenses, accessibility of food items offered for sale, purchase and sales records, counting of stockkeeping units, or other accounting recordkeeping methods that are customary or reasonable in the retail food industry as set forth in § 278.1(b)(1) of this chapter.
>
> *Staple food*: Those food items intended for home preparation and consumption in each of the following four categories: Meat, poultry, or fish; bread or cereals; vegetables or fruits; and dairy products.

7 CFR § 278.1(b)(1)(i)(A) reads, in part: An establishment will effectuate the purposes of the Program if it sells food for home preparation and consumption and meets one of the following criteria: Offer for sale, on a continuous basis, a variety of qualifying foods in each of the four categories of staple foods including perishable foods in at least [two]†* of the categories (Criterion A); or have more than 50% of the total gross retail sales of the establishment in staple foods (Criterion B).

7 CFR § 278.1(b)(1)(ii) states, in part: In order to qualify under [Criterion A] firms shall:

(A) Offer for sale and normally display in a public area, qualifying staple food items on a continuous basis, evidenced by having, on any given day of operation, no fewer than [three] different varieties of food items in each of the four staple food categories with a minimum depth of stock of three stocking units for each qualifying staple variety and at least one variety of perishable foods in at least [two] staple food categories. Documentation to determine if a firm stocks a sufficient amount of required staple foods to offer them for sale on a continuous basis may be required in cases where it is not clear that the firm has made reasonable stocking efforts to meet the stocking requirement. Such documentation can be achieved through verifying information, when requested by FNS, such as invoices and receipts in order to prove that the firm had ordered and/or received a

---

*As currently implemented. See SNAP Retailer Policy and Management Division Policy Memorandum 2018-04 for additional information regarding the enhanced retailer standards, which were implemented on January 17, 2018. This memorandum can be found on the FNS public website at https://www.fns.usda.gov/snap/retailer-eligibility-clarification-of-criterion.

        sufficient amount of required staple foods up to 21 calendar days prior to the date of the store visit;

(B)    Offer for sale perishable staple food items in at least [two]* staple food categories. Perishable foods are items which are either frozen staple food items or fresh, unrefrigerated or refrigerated staple food items that will spoil or suffer significant deterioration in quality within 2-3 weeks; and

(C)    [Offer a variety of staple foods which means different types of foods, such as apples, cabbage, tomatoes, and squash in the fruit or vegetable staple food category, or milk, cheese, butter and yogurt in the dairy category. Variety of foods is not to be interpreted as different brands, different nutrient values, different varieties of packaging, or different package sizes. Similar processed food items with varying ingredients such as, but not limited to, sausages, breakfast cereals, milk, sliced breads, and cheeses, and similar unprocessed food items, such as, but not limited to different varieties of apples, cabbage, tomatoes, or squash shall not each be considered as more than one staple food variety for the purpose of determining variety. Multiple ingredient food items such as cold pizza, macaroni and cheese, soup, or frozen dinners, shall only be counted as one staple food variety each and will normally be included in the staple food category of the main ingredient as determined by the FNS.]*

7 CFR § 278.1(b)(1)(iii) states, in part: In order to qualify under Criterion B, firms must have more than 50% of their total gross retail sales in staple food sales. Total gross retail sales must include all retail sales of a firm, including food and non-food merchandise, as well as services, such as rental fees, professional fees, and entertainment/sports/games income.

7 CFR § 278.1(b)(6) deals with Need for Access and reads, in part: FNS will consider whether the applicant firm is located in an area with significantly limited access to food when the applicant firm fails to meet Criterion A per paragraph (b)(1)(ii) or Criterion B per paragraph (b)(1)(iii) of this section so long as the applicant firm meets all other SNAP authorization requirements. In determining whether an applicant is located in such an area, FNS may consider access factors such as, but not limited to, the distance from the applicant firm to the nearest currently SNAP authorized firm and transportation options. In determining whether to authorize an applicant despite its failure to meet Criterion A and Criterion B, FNS will also consider factors such as, but not limited to, the extent of the applicant firm's stocking deficiencies in meeting Criterion A and Criterion B and whether the store furthers the purposes of the Program. Such considerations will be conducted during the application process.

CFR § 278.1(l)(1) reads, in part, FNS shall withdraw the authorization of any firm authorized to participate in the Program for any of the following reasons:

    (i)    The firm's continued participation in the Program will not further the purposes of the Program;

---

*As currently implemented. See SNAP Retailer Policy and Management Division Policy Memorandum 2018-04 for additional information regarding the enhanced retailer standards, which were implemented on January 17, 2018. This memorandum can be found on the FNS public website at https://www.fns.usda.gov/snap/retailer-eligibility-clarification-of-criterion.

(ii) The firm fails to meet the specifications of paragraph (b), (c), (d), (e), (f), (g), (h), or (i) of this section;
(iii) The firm fails to meet the requirements for eligibility under Criterion A or B, as specified in paragraph (b)(1)(i) of this section for the time period specified in paragraph (k)(2) of this section.

7 CFR § 278.1(k)(2) reads, in part: Any firm that has been denied authorization on these bases shall not be eligible to submit a new application for SNAP authorization for a minimum period of 6 months from the effective date of the denial.

## APPELLANT'S CONTENTIONS

In its request for administrative review, Appellant presented the following:

- I was asked to provide invoice proof which was done in the given timeframe. I spoke with Retailer Operations and was told the decision was based on the invoices submitted, there were not enough invoices from August 20, 2021, to September 20, 2021, and to appeal the decision.
- The store carries multiple varieties of staple food and qualifies under Criterion A; request USDA review all the invoices.

In support of these contentions, the responding owner submitted a typed document that lists different varieties of staple foods that Appellant contends it sells and 172 pages of receipts

These explanations may represent only a brief summary of Appellant's contentions. However, in reaching a decision, full consideration has been given to all contentions presented, including any others that have not been specifically listed here.

## ANALYSIS AND FINDINGS

### Criterion A

Appellant's owner contends that the store carries multiple varieties of staple foods and qualifies under Criterion A. In addition to the receipts provided in Appellant's initial response, the owner provided 172 receipts in its request for administrative review.

It is important to clarify for the record that the purpose of this review is to validate or to invalidate the determination of Retailer Operations, and as such it is limited to consideration of the relevant facts and circumstances at the time of the decision. It is not within the scope of this review to consider actions ownership may take to qualify for participation in SNAP subsequent to that decision, such as stocking all the varieties of staples in each of the four staple food categories in the store on a continuous basis or promising to do so if approved. There is no provision in the SNAP regulations for waiver or reduction of an administrative penalty assessment on the basis of after-the-fact or intended corrective actions. The authorization of a

store to participate in SNAP must be in accord with the Act and the regulations, as amended; those requirements of law cannot be waived.

This review finds that Retailer Operations' inventory analysis of the original invoices received was accurate. Appellant met the inventory and perishable food requirement in the bread or cereals staple food category.

Upon review of the 172 receipts Appellant provided during the administrative process only 1, dated September 8, 2021, was within the required timeframe. In addition to meeting the bread or cereals staple food category, this review finds Appellant meets the perishable food requirement, the fruits or vegetables staple food category, and the meat, poultry, or fish staple food category. Appellant has cheese in at least three stocking units in the dairy products staple food category; however, the additional receipts fail to show that Appellant normally carries three stocking units in two additional dairy varieties. Being deficient in two other dairy varieties and 6 stocking units, Appellant does not meet the dairy products staple food category and, as such, does not meet the eligibility requirements under Criterion A.

## Criterion B

An evaluation of Appellant's SNAP Retailer Application indicates that it did not receive more than 50% of its projected annual sales from the sale of staple foods. Appellant's application reported 8% of its total retail sales were from staple food sales. The inventory documentation provided by Appellant's owner confirm this. Accordingly, Retailer Operations correctly determined that Appellant was not eligible for SNAP authorization under Criterion B per 7 CFR § 278.1 (b)(1)(iii).

## Need for Access

In accordance with 7 CFR § 278.1(b)(6), FNS will consider whether the applicant firm is located in an area with significantly limited access to food when it fails to meet Criterion A or Criterion B, as long as it meets all other eligibility requirements. This Need for Access evaluation also considers other factors, such as distance to the nearest SNAP authorized firm, transportation options, extent of Appellant's stocking deficiencies, and whether or not applicant firm furthers the purposes of the Program.

The record indicates that Retailer Operations conducted a Need for Access evaluation and determined that Appellant did not qualify for SNAP authorization under this provision. After a review of all available evidence in this case, this review agrees that authorization under the Need for Access Provision is not appropriate in this case.

## CONCLUSION

SNAP authorization is dependent solely upon whether a firm meets the eligibility requirements for participation at the time of the reauthorization application, and subsequently abides by the statute and implementing regulations. Based on a review of all the evidence, the determination

by Retailer Operations to withdraw the authorization of Appellant to participate as a SNAP retail food store is sustained.

In accordance with 7 CFR § 278.1(l)(1)(iii), firms withdrawn from SNAP shall not be eligible to re-apply for a minimum period of 6 months from the effective date of the withdrawal. In accordance with the Food and Nutrition Act of 2008, as amended, and its associated regulations, this withdrawal action shall become effective 30 days after delivery of this letter.

## RIGHTS AND REMEDIES

Applicable rights to a judicial review of this Decision are set forth in Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. § 2023) and 7 CFR § 279.7. If a judicial review is desired, the Complaint must be filed in the U.S. District Court for the district in which Appellants' owners reside or are engaged in business, or in any court of record of the State having competent jurisdiction. This Complaint, naming the United States as the defendant, must be filed within 30 days of receipt of this Decision. The judicial filing timeframe is mandated by the Act, and this office is unable to grant an extension.

Under the Freedom of Information Act, we are releasing this information in a redacted format as appropriate. FNS will protect, to the extent provided by law, personal information that could constitute an unwarranted invasion of privacy.

KIM DAMERON  
Administrative Review Officer

April 22, 2022